UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DARRELL WENDELL NICKELSON,

                Plaintiff,

    -against-

ALBERTO DEMARCHENA; SCOTT CALLAHAN; DARCEL D. CLARK,

                Defendants.

25-CV-3847 (KMW)

ORDER TO AMEND

---

KIMBA M. WOOD, United States District Judge:

    Plaintiff, proceeding *pro se*, is currently detained on Rikers Island. Plaintiff asserts claims under 42 U.S.C. § 1983, alleging that Defendants violated his rights during his arrest and subsequent prosecution.[1] By Order dated May 15, 2025, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[2] (ECF No. 7.) For the reasons set forth below, the Court grants Plaintiff leave to file an amended complaint within 60 days of the date of this Order.

**STANDARD OF REVIEW**

    The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also

---

[1] Plaintiff filed this action in the United States District Court for the Eastern District of New York. On May 8, 2025, that court transferred the action here.

[2] Prisoners are not exempt from paying the full filing fee, even when they have been granted permission to proceed IFP. 28 U.S.C. § 1915(b)(1).

dismiss a complaint when the Court lacks subject matter jurisdiction over the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

Although the law mandates dismissal on any of these grounds, the Court is obligated to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and to interpret them to raise the "strongest [claims] that they suggest," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" courts provide to *pro se* litigants, *id.* at 475 (citation omitted), has its limits—to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2).

## BACKGROUND

The following facts are taken from the complaint.[3] On October 31, 2024, in the Bronx, Defendants Alberto DeMarchena and Scott Callahan, officers with the New York City Police Department ("NYPD"), "illegally gained entry to a living domicile . . . [and] conducted a search of the premises without permission or proper obtainment of the court's allocution of a search warrant." (ECF No. 1 at 4.) Presumably as a result of this search, DeMarchena and Callahan arrested Plaintiff. Plaintiff names as defendants these two officers and Bronx District Attorney ("DA") Darcel Clark. He seeks money damages as compensation for his arrest and subsequent detention.

---

[3] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation appear as in the complaint, unless noted otherwise.

Attached to the complaint are documents from Plaintiff's criminal case, which appears to be ongoing.

## DISCUSSION

**A.  Plaintiff's claims against the NYPD officers do not state a claim under Rule 8 of the Federal Rules of Civil Procedure**

Rule 8 requires a complaint to include enough facts to state a claim "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true, but it need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678-79.  After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible—not merely possible—that the pleader is entitled to relief.  *Id.*

Plaintiff does not provide enough information for the Court and the Defendants to determine whether the allegations plausibly suggest that Plaintiff is entitled to relief.  Specifically, the complaint does not plead facts describing what exactly occurred and why Plaintiff believes that each of the Defendants violated his rights.  For example, Plaintiff asserts conclusions that officers illegally entered "a domicile" and arrested him without cause.  However, Plaintiff does not state sufficient facts to support those conclusions beyond stating that he did not given permission and that there was no search warrant.  Plaintiff's complaint does not make clear whose domicile the police entered or whether that domicile belonged to Plaintiff.  Without more specific facts describing what occurred before, during, and after Plaintiff's arrest,

3

it is impossible for the Court to determine whether Plaintiff can state a claim that Defendants violated his rights.[4]

Accordingly, the Court grants Plaintiff leave to file an amended complaint to state facts demonstrating that he is entitled to relief from the Defendants.

**B.     Plaintiff's claims against DA Clark must be dismissed under the doctrine of prosecutorial immunity**

Prosecutors are immune from civil suits for damages for acts committed within the scope of their official duties where the challenged activities are not investigative in nature but, rather, are "intimately associated with the judicial phase of the criminal process." *Giraldo v. Kessler*, 694 F.3d 161, 165 (2d Cir. 2012) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)); *see also Buckley v. Fitzsimmons*, 509 U.S. 259, 269 (1993) (absolute immunity is analyzed under a "functional approach" that "looks to the nature of the function performed, not the identity of the actor who performed it" (internal quotation marks and citations omitted)).  Prosecutors are absolutely immune from suit for acts that may be administrative obligations, but are taken in preparation for and in the conduct of trial. *Van de Kamp v. Goldstein*, 555 U.S. 335, 344 (2009); *see also Ogunkoya v. Monaghan*, 913 F.3d 64, 70-72 (2d Cir. 2019) (holding that prosecutors had

---

[4] To establish a false arrest claim under New York law, a plaintiff must show that: "(1) the defendant intended to confine [the plaintiff], (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement and (4) the confinement was not otherwise privileged." *Liranzo v. United States*, 690 F.3d 78, 95 (2d Cir. 2012) (emphasis and citations omitted).  An arrest is privileged or legally justified, for example, if it is based on probable cause. *Jenkins v. City of New York*, 478 F.3d 76, 84 (2d Cir. 2007) ("The existence of probable cause to arrest constitutes justification and is a complete defense to an action for false arrest.") (quoting *Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir. 1996)) (internal quotation marks omitted).  A false arrest claim can be dismissed based on probable cause if the facts alleged in the plaintiff's complaint show that the officers had probable cause. *See Silver v. Kuehbeck*, 217 F. App'x 18, 22 (2d Cir. 2007) (summary order).

absolute immunity when deciding where to arraign a criminal defendant because such a decision was made in preparation for a court proceeding where prosecutors would act as advocates).

Here, Plaintiff's claims against Defendant Clark are based on actions within the scope of her official duties and associated with the conduct of Plaintiff's ongoing criminal proceedings. The Court therefore dismisses the claims against Clark because they seek monetary relief against a defendant who is immune from such relief, 28 U.S.C. § 1915(e)(2)(b)(iii), and are therefore frivolous, 28 U.S.C. § 1915(e)(2)(B)(i). *See Collazo v. Pagano*, 656 F. 3d 131, 134 & n.2 (2d Cir. 2011) (per curiam) (holding that a claim against a prosecutor is frivolous if it arises from conduct that is "intimately associated with the judicial phase of the criminal process" (citation omitted)).

## LEAVE TO AMEND

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Lucente v. Int'l Bus. Machs. Corp.*, 310 F.3d 243, 258 (2d Cir. 2002). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege additional facts to state a valid claim, the Court grants Plaintiff 60 days' leave to amend his complaint to detail his claims against the NYPD officers only.

First, Plaintiff must name the defendants who were allegedly involved in the deprivation of his federal rights in two places in the complaint: in the caption[5] and in the "Statement of Claim." Second, in the "Statement of Claim" section of the amended complaint form, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant. Plaintiff must specifically detail what actions were taken by which defendants, rather than stating generally that "officers" searched "a living domicile." Plaintiff must provide an address, if known, for any named defendant. Plaintiff should include in the amended complaint all information that Plaintiff wants the Court to consider in deciding whether the amended complaint states a claim for relief. That information should include:

a) the names and titles of all relevant people;

b) **a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the location where each event occurred, providing an address for each location, if known;**

c) a description of any injuries Plaintiff suffered; and

d) the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint.

## CONCLUSION

The Court grants Plaintiff leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se

---

[5] The caption is located on the front page of the complaint. Each individual defendant must be named in the caption. Any defendants named in the caption must also be discussed in Plaintiff's "Statement of Claim."

Intake Unit within sixty days of the date of this Order, caption the document as an "Amended Complaint," and label the document with docket number 25-CV-3847 (KMW). An Amended Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to file an amended complaint within the time allowed, and he cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   August 19, 2025
         New York, New York

                                                             /s/ Kimba M. Wood
                                                          KIMBA M. WOOD
                                                United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____
Write the full name of each plaintiff.

-against-

_____

_____

_____

_____
Write the full name of each defendant. If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section IV.

_____CV_____
(Include case number if one has been assigned)

**AMENDED COMPLAINT**
(Prisoner)

Do you want a jury trial?
☐ Yes    ☐ No

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

Rev. 5/20/16

I.  **LEGAL BASIS FOR CLAIM**

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "*Bivens*" action (against federal defendants).

☐ Violation of my federal constitutional rights

☐ Other:

II.  **PLAINTIFF INFORMATION**

Each plaintiff must provide the following information. Attach additional pages if necessary.

First Name          Middle Initial          Last Name

State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

Current Place of Detention

Institutional Address

County, City                    State                    Zip Code

III.  **PRISONER STATUS**

Indicate below whether you are a prisoner or other confined person:

☐ Pretrial detainee
☐ Civilly committed detainee
☐ Immigration detainee
☐ Convicted and sentenced prisoner
☐ Other:

## IV. DEFENDANT INFORMATION

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1:

| First Name | Last Name | Shield # |

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |

Defendant 2:

| First Name | Last Name | Shield # |

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |

Defendant 3:

| First Name | Last Name | Shield # |

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |

Defendant 4:

| First Name | Last Name | Shield # |

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |

## V. STATEMENT OF CLAIM

Place(s) of occurrence:

Date(s) of occurrence:

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

## VI. RELIEF

State briefly what money damages or other relief you want the court to order.

## VII.  PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

_____        _____
Dated                                        Plaintiff's Signature

_____    _____    _____
First Name                        Middle Initial            Last Name

_____
Prison Address

_____        _____    _____
County, City                                State                    Zip Code

Date on which I am delivering this complaint to prison authorities for mailing: _____